JOHN CASTLE *vs.* JERUSHA R. PALMER.
GEORGE H. PHELPS & others *vs.* SAME.

A levy of an execution made prior to the enactment of the Gen. Sts. upon land which is subject to an estate of homestead acquired under *St.* 1855, *c.* 238, is effectual to pass a title to the reversionary interest of the owner, after the expiration of the homestead estate, and no more; although at the time of making the levy the estate of homestead had not been set out, and no claim was made of a right of homestead, nor any deduction on account of such right.

A right of homestead is not affected by a fraudulent deed from the owner of the land to his wife, through the medium of a third person.

Prior to the enactment of the Gen. Sts. a judgment creditor, who had levied his execution upon land fraudulently conveyed by his debtor, need not bring an action for the recovery of possession within one year after the return of the execution.

In a real action brought against a married woman alone, to recover possession of land in which she has only a right of homestead, a qualified judgment may be entered for possession subject to the right of homestead.

WRITS OF ENTRY to recover of the tenant certain undivided portions of a piece of land in Lee. The plea in each action was *nul disseisin*, with a specification claiming that the tenant was sole owner of the premises in fee, and that the demandant had no title therein.

At the trials in the superior court, before *Brigham*, J., it appeared that in 1853 the premises were conveyed to the tenant's

husband, William K. Palmer, who, on the 21st of December 1857 executed a deed thereof to John G. Stanley, who on the same day conveyed the same to the tenant. The demandant in the first action claimed title under a levy upon an undivided portion of the premises made on an execution against William K. Palmer on the 16th of December 1859. The execution was returned on the 4th of August 1860, and the action commenced on the 2d of August 1861. The demandants in the second action claimed title under a similar levy made on the 23d of March 1858. The execution was returned on the same day, and the action commenced on the 12th of October 1861. In each case, a special attachment was made, naming the tenant as the person in whom the record title stood. There was evidence tending to show that from April 1st 1855 to the time of the trial the tenant and her husband had occupied the premises as a homestead; but the estate of homestead was never set out to them therein, nor was any deduction made therefor, in levying the execution thereon. For these reasons, the tenant contended and asked the judge to rule that the levies were void; and that the second action could not be maintained, because it was not brought within one year after the return of the execution. There was also evidence tending to show that the conveyances of December 21st 1857 were made with intent to defraud the creditors of William K. Palmer.

The judge instructed the jury that "if at the time of the attachments and of the levies upon the land described in the demandants' writs as the property of William K. Palmer, the land had been conveyed to Stanley, and by him at the same instant to the tenant for the purpose, participated in by all the parties, of hindering, delaying and preventing the creditors of William K. Palmer from attaching it, the levies relied upon by the demandants entitle them to the parts of said land severally claimed by them, notwithstanding these actions to recover possession of those parts of said land were not commenced within one year from the return of the executions on which the levies were made, and notwithstanding the premises demanded, at the time of said several levies, consisting of a homestead farm of

greater value than eight hundred dollars, with the buildings thereon, had been owned and occupied by the said William K. Palmer as a residence from the year 1853, he being during that time a householder, and having a family, and were so occupied and owned also at the time of said levies, provided the said property was not claimed at the time of said levy to be exempt from levy under the homestead laws by actual notice of such claim by William K. Palmer, or some person in his behalf."

Verdicts were returned for the demandants, and the tenant alleged exceptions.

*J. Branning,* (*J. E. Field* with him,) for the tenant.

*M. Wilcox,* (*H. W. Bishop* with him,) for the demandants, cited, in addition to authorities cited in the opinion, *Davis* v. *Andrews,* 30 Verm. 678, 681; *Foss* v. *Strachn,* 42 N. H. 40, and cases cited; *Windham* v. *Portland,* 4 Mass. 388; *Hildreth* v. *Thompson,* 16 Mass. 193.

DEWEY, J. These levies were good and effectual to pass all the attachable interest of William K. Palmer in the premises levied on. If no deduction was made from the whole value of the estate by reason of any incumbrances thereon, and the creditors were content to have their levies thus made, the judgment debtor or those claiming under him cannot object on that account, as this was favorable to the debtor. The levies operated to divest no outstanding rights or interests having priority to them. The right of homestead now set up was one acquired under *St.* 1855, *c.* 238. No provision existed at the time the levies were made, which was prior to the enactment of the Gen. Sts., requiring the creditor to set off the homestead right acquired under *St.* 1855, *c.* 238, before making the levy. It was held in the case of *Pittsfield Bank* v. *Howk,* 4 Allen, 347, that where such right existed in the debtor's estate, it might be deducted from the value of the land taken, and the residue of the interest or estate be set off. Nor was the owner of the homestead estate required to give notice of such incumbrance to the judgment creditor or officer making the levy; and the omission so to do does not defeat the homestead estate.

Nor has the homestead interest been defeated by the deed

given by the husband. If that deed had been a *bona fide* transaction as between the parties, it could have no such effect. The fact that it is found to have been fraudulent as regards creditors of the grantor does not give it any greater effect. The right of homestead acquired by force of *St.* 1855, *c.* 238, was fully preserved by the subsequent statutes, and the provision of *St.* 1857, *c.* 298, § 6, " that no conveyance thereof shall be valid in law unless the wife shall join in such conveyance," was in full force and applicable to such homestead. The conveyance by the husband alone had no effect upon the homestead estate. The position assumed by the demandants, that the homestead estate is, during the life of the husband, wholly vested in him personally and subject to his control, is not in accordance with the decisions of this court. The doctrine established by our decisions is, that the estate is created for the benefit of the family, and no conveyance by the husband alone can divest the wife of the right of continuing to occupy and enjoy the same until they acquire a new homestead. It does not estop the husband, and certainly not the wife. *Connor* v. *McMurray*, 2 Allen, 202. The court say in the case last cited that " the homestead is to be continued for the benefit of his family until after his death; and the exemption, being not less for their benefit than his own, can be waived, released or discharged only in the manner expressly provided and prescribed."

The demandants having elected to make the wife the sole party defendant, she may well maintain and set up the homestead estate as a bar to an absolute recovery of the premises by them. The homestead right secures to her the enjoyment of the premises to that extent. Of this she is not to be divested by these levies.

It is competent for the court to enter such qualified judgment as may be necessary to secure her in the possession of the homestead. The effect of this will be to leave each of these parties in the enjoyment of so much of the estate as belongs to them severally. Under Gen. Sts. *c.* 104, § 9, the party entitled to a homestead, or any other party interested, may cause partition to be made, and the homestead estate to be set off.

It is further said that the demandants in the second of these actions must fail, inasmuch as the same was not instituted within one year after the return of the execution. This is supposed to be required by *Sts.* 1844, *c.* 107, and 1855, *c.* 453. The *St.* of 1844, it is conceded, applies only to cases where real estate has been paid for by the debtor, but the legal title retained by the vendor, or conveyed to a third person. This statute authorized a levy on the land, in such cases, as the property of the debtor, although no actual legal title had ever vested in him, and gave this right upon the condition that it should be followed by a suit at law enforcing the claim to the land within one year after the return of the execution under which the levy was made. The object of *St.* 1855, *c.* 453, was to prescribe the mode of returning an attachment of real estate that was alleged to have been fraudulently conveyed by the debtor to a third person, and required the officer to specify in his return the name of the person holding the record title of the premises attached. There was, however, nothing in this statute attaching to it the provisions of *St.* 1844, *c.* 107, § 4, and requiring creditors who made a levy on an estate fraudulently conveyed by the debtor to institute an action to recover possession of the estate so levied on within one year thereafter. This was so understood by the commissioners who revised the statutes, and inserted therein the provision now found in Gen. Sts. *c.* 103, § 48, requiring in direct terms that in case of a levy upon land fraudulently conveyed, as well as in case of levy upon land which was paid for by the debtor but the title held in the name of another, an action must be instituted by the judgment creditor therefor within one year after the return of the execution. See Rep. of Com. on Gen. Sts. *c.* 103. This last statute does not however apply to the levies by the present demandants, which were made before the enactment of the General Statutes.

The question has occurred to the court whether, under the present state of the pleadings, these cases are properly presented in reference to the homestead estate. No such title is set up in the specifications of the defence. This should be done, in order to have the proper judgments entered. The ruling of the court

was not founded upon the state of the pleadings, and no question was raised as to them.

It will be competent and proper for the superior court to grant leave to amend the pleadings in this respect. The cases will then be disposed of by an entry of the qualified judgments above stated, unless the demandants elect a new trial. Such entry would be, judgment for the demandants, subject to the right of homestead in the tenant and her husband, under *St.* 1855, *c.* 238. *Exceptions sustained.*